IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:26-CV-13-BO-RJ

| | | |
|---|---|---|
| LINWOOD M. GALLOP, JR., Plaintiff, | ) | |
| v. | ) | ORDER |
| ALAN HIRSCH, Defendant. | ) | |

This matter comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Robert B. Jones Jr. [DE 9]. Plaintiff has filed an objection [DE 10] and the time for response has elapsed. In this posture, the matter is ripe for disposition.

## BACKGROUND

Plaintiff filed this action against defendant Alan Hirsch of the North Carolina State Board of Elections alleging that plaintiff's voting rights are being infringed by vote dilution. [DE 5, p. 2, 4]. Plaintiff identifies the basis of federal jurisdiction to be the 14th and 15th Amendments, § 2 of the Voting Rights Act, and the Guarantee Clause of Article IV of the United States Constitution. [DE 5, p. 3]. Plaintiff's statement of their claim reads as follows:

> North Carolina 1st District Voting Map Reduce the Black Voting Population by 7.9% to Favor Republicans. My Right to have a Representative of my choice was Taken Away. Congress Explicitly Rejected the "Intent Test" in 1982 Mobile v. Bolden. The State has No Authority To Remove or dilute my Right to Be Represented.

[DE 5, p. 4].

On the basis of this statement of the case, Magistrate Judge Jones recommended that plaintiff's complaint be dismissed without prejudice for failure to state a claim because the "complaint contains only labels and conclusions and is insufficient to give Defendant notice of the

grounds on which the claims rest." [DE 9, p. 3]. Plaintiff then filed an objection to the M&R. [DE 10].

DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(l); Fed R. Civ. P. 72(b)(3). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460-61 (4th Cir. 2023). A pro se party's objections must still be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Id.* at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Because plaintiff has objected to the recommendation in full, the Court reviews the M&R de novo.

Plaintiff's allegations read as conclusory statements of law. *See Willis v. Jones Cnty. Bd. of Elections*, No. 4:20-CV-230-FL, 2021 WL 2272385, at *4 (E.D.N.C. June 3, 2021) ("Case law prohibits the court from relying on plaintiff's conclusory statements and its own speculation in order to allow plaintiff to proceed with this litigation."). For example, plaintiff states "[t]he enforcement of district lines drawn…violates the Plaintiff's right to free political association and expression." [DE 10, p. 2]. Another example of plaintiff's conclusory allegations is that "[t]he state

is enforcing a law that abridges the privileges and immunities of the citizens…by slashing the Plaintiff's community's voting power." *Id.* Plaintiff's 15th Amendment claim is also conclusory as it states, "[t]his amendment explicitly prohibits the abridgment of the right to vote based on race. The 8% v. 4% disparity is evidence of an intentional racial abridgment." *Id.* These statements in plaintiff's objection to the M&R do not save the complaint, which is itself wholly void of sufficient factual allegations. [DE 5].

Plaintiff's § 2 Voting Rights Act claim suffers from similar deficiencies. Plaintiff relies solely on percentage differences between white and black voting populations from a redistricting map without any additional facts:

> The core injury is the systematic dilution of voting power. The challenged map reduced the Black voting bloc in the 1st District by 8%, while only reducing the strength of white Democrats in the same district by 4%. Demographic data confirms that the Black Citizen Voting Age Population (CVAP) dropped from 40.7% to 32.1% while the white eligible voter population increased from 52.3% to 61.4%.

[DE 10, p. 2].

In bringing a § 2 Voting Right Act claim, plaintiffs must allege facts that support that their claim can meet the requirements of the three *Gingles* preconditions. These preconditions include: (1) the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a reasonably configured district; (2) the minority group must be able to show that it is politically cohesive; and (3) the majority group votes as a bloc. *Louisiana v. Callais*, 608 U.S. 85, 118–20 (2026) (Only after demonstrating these three preconditions would a plaintiff then proceed to the fourth showing, a totality of the circumstances "that the political process is not equally open to minority voters." *Id.* at 98). Although the Supreme Court has further updated these requirements in their recent decision in *Louisiana*, the preconditions remain in place, and must be met. *Id.* 118–20; *See Hall v. Virginia*, 385 F.3d 421, 432 (4th Cir. 2004) (concluding a complaint alleging voter dilution failed to state a claim because it did not meet the *Gingles*

preconditions). In sum, the Supreme Court has held that "§ 2 imposes liability only when the evidence supports a strong inference that the State intentionally drew its districts to afford minority voters less opportunity because of their race." *Louisiana*, 608 U.S. at 116. Plaintiff does not allege sufficient facts that show plausibility of meeting these preconditions or showings, instead, plaintiff's complaint and objections solely "offer[] labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Lastly, plaintiff's procedural Due Process objection does not survive either. First, like plaintiff's other claims, there is insufficient factual support. Second, to the extent that plaintiff is attempting to amend to add an additional substantive claim, the proper mechanism for such is under Federal Rules of Civil Procedure 15, and not in their objection to the M&R. *Ricks v. Huynh*, No. 2:20-cv-292, 2021 WL 2014795, at *3 (E.D. Va. May 20, 2021). Nowhere in the original complaint does plaintiff allege violation of procedural Due Process. [DE 5]. Accordingly, plaintiff's objections to the M&R are overruled, and the M&R is adopted in full.

## CONCLUSION

The Court has reviewed the M&R de novo. For the foregoing reasons, plaintiff's objections are OVERRULED and the M&R [DE 9] is ADOPTED in full. Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

SO ORDERED, this 6 day of November 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE